COLEMAN, JUSTICE,
CONCURRING:
¶ 116. I concur with the entirety of the majority’s opinion. However, I write separately to express my opinion that the record shows that Evans clearly received a Rule 9.06 hearing.
¶ 117. Pursuant to Mississippi Uniform Rule of Circuit and County Court Practice 9.06, after the ordered mental examination, “the court shall conduct a hearing to determine if the defendant is competent to stand trial.” As described in both the majority and dissenting opinions, a hearing was had wherein the trial judge inquired as to Evans’s competency to stand trial and was told by defense counsel that Evans was competent.
*¶ 118. At the risk of stating the obvious, a hearing is simply a “judicial session, [usually] open to the public, held for the purpose of deciding issues of fact or of law, sometimes with witnesses testifying....” Hearing, Black’s Law Dictionary (10th ed. 2014). Rule 9.06 prescribes no requirements for the requisite hearing; it mandates only that “a hearing” occur. The record in the instant case could not more clearly demonstrate that a proceeding occurred, in open court, wherein the trial judge inquired into an issue of fact—the competency of Evans.
¶ 119.1 pause before concluding to ruminate upon what effect requiring further proceedings relevant to Evans’s competency would mean to a defense attorney placed in the position in which Evans’s attorney found himself. Lawyers are required by the rules of the profession to be honest with the courts before which they appear. Miss. R. Profl Conduct 3.8. “[A]n assertion purporting to be on the lawyer’s own knowledge, as in an affidavit by the lawyer or in a statement in open court, may properly be made only when the lawyer knows the assertion is true or believes it to be true on the basis of a reasonably diligent inquiry.” Comment to Miss. R. Profl Conduct 3.3. In the circuit court, Evans’s attorney was called upon to make a statement to the court regarding whether an issue as to his client’s competence existed. The ethics of the profession required him to answer honestly. I cannot understand how the Supreme Court could consider faulting the trial court for not holding a larger hearing than that which was held. To do so would be to flirt with the assumption that Evans’s attorney should have violated his ethical duty and been less than forthright with the trial court.
RANDOLPH, P.J., MAXWELL AND CHAMBERLIN, JJ., JOIN THIS OPINION. WALLER, C.J., JOINS THIS OPINION IN PART.